**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Noah W. CROSS, Defendant-Appellant.**

**Nos. 72-2290, 72-2349.**

United States Court of Appeals, Fifth Circuit.

March 30, 1973.

---

Norman Magee, Ferriday, La., for defendant-appellant.

Donald E. Walter, U. S. Atty., R. Perry Pringle, Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before WISDOM, GEWIN and COLEMAN, Circuit Judges.

PER CURIAM:

Noah Cross, Sheriff of Concordia Parish, Louisiana, was convicted on two counts of perjury. 18 U.S.C. § 1621. The basis for this conviction was his testimony before a federal grand jury that he had never received any payoff for allowing the Marville Lounge in Concordia to conduct prostitution and gambling activities.

On appeal Cross makes these contentions:

(1) A new trial should have been granted on the basis of new evidence discovered subsequent to the verdict of guilty.

(2) The court erred in refusing to challenge for cause prospective juror Milford W. Crumpler, who stated that he would give more credibility to an FBI agent than to any other witness.

(3) There was insufficient evidence from two credible witnesses to deny Cross' motion for directed verdict of acquittal at the close of the government's case and motion for new trial at the close of the whole case.

(4) The Government knowingly used perjured testimony of J. D. Richardson and Truman E. Sanford in this case. Richardson, one of the operators of the lounge, testified that he had agreed to pay Cross $200 a week for protection. Sanford testified that he was with Richardson on two occasions when Richardson made payoffs to Cross.

(5) The trial court erred in permitting testimony describing the activities of the Marville Lounge.

(6) In the circumstances, the trial court improperly questioned a juror regarding an alleged contact by a deputy sheriff.

■ There is no merit to these contentions.

■ With respect to the fourth contention, we note that this was a *perjury* case; that Cross was not tried and convicted of violating the anti-racketeering statute, 18 U.S.C. § 1962, as was Richardson. The credibility of both Richardson and Sanford was challenged: their testimony before two previous grand juries was different from their testimony at Cross' trial. Although credibility is a question for the jury to decide, the use of such witnesses in a trial for perjury suggests that the Court scrutinize the record for corroborative evidence. Here there was evidence in the record to corroborate Richardson's and Sanford's testimony and this evidence was sufficient to persuade the jury that indeed Cross was guilty as charged.

The judgment is affirmed.